UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARL VERDEN ADKISSON, | CASE NO. CV 16-06709 JDE |
| Plaintiff, | MEMORANDUM OPINION AND ORDER |
| v. | |
| NANCY A. BERRYHILL, Acting Commissioner of Social Security, | |
| Defendant. | |

**I.**

**INTRODUCTION**

On September 6, 2016, Plaintiff Carl Verden Adkisson ("Plaintiff") filed a Complaint seeking reversal of the decision by the Commissioner of the Social Security Administration ("SSA") denying his application for Social Security Income ("SSI") benefits pursuant to Title XVI of the Social Security Act. (Dkt. No. 1.) Pursuant to 28 U.S.C. § 636(c), all parties have consented to proceed before the undersigned Magistrate Judge for all further proceedings, including

entry of Judgment. (Dkt. Nos. 17-19.) On March 15, 2017, the parties filed a "Joint Stipulation" setting forth the disputed issues in the case. (Dkt. No. 20.) The matter is now under submission and ready for decision.

## II.

## ADMINISTRATIVE PROCEEDINGS AND BACKGROUND

Plaintiff filed his application for Title XVI SSI benefits on November 5, 2013. (Administrative Record, Volume 1 ["1AR"] 31.) He alleged a disability onset date of August 25, 2013 and he claimed that he had not worked since November 5, 2013. (1AR 31, 33.) Plaintiff reported that he last worked as a "painter" for two months, but he has not worked since August 2013. (1AR 462.) Plaintiff stated that he was unable to work due to a "heart condition" and "brain damage." (1AR 36, citing Exhibit 2E at 2 (1AR 204).)

Plaintiff was born on July 23, 1959 and at the time he filed his application he was 54 years old. (1AR 41, 88.) He has "at least a high school education" and can communicate in English. (1AR 41.) Plaintiff served in the U.S. Navy where he received "specialized training." (1AR 462.) Plaintiff is married and has children over 20 years old. (1AR 462.) Plaintiff has had problems with methamphetamine and alcohol in the past, but he testified that he has not used either substance for over six years. (1AR 36.) Plaintiff also has a history of multiple arrests and incarcerations. (1AR 37, citing Exhibit 3F at 2 (1AR 462).)

The opinion from the Administrative Law Judge ("ALJ") notes that Plaintiff was hospitalized in August 2013 for a heart attack and "[w]ith the heart attack, the claimant apparently sustained an anoxic brain injury with resultant memory issues."[1] (1AR 37, citing Exhibit 4F at 50, 51 (2AR 516-17).) In March 2014,

---

[1] An "anoxic brain injury" is an injury to the brain due to a lack of oxygen which can be life-threatening or cause cognitive problems. See, e.g., brainandspinalcord.org/ anoxic-brain-injury. The term "anoxic encephalopathy" as mentioned below denotes essentially the same anoxic lack of oxygen to the brain.

2

Plaintiff told a consulting psychiatric examiner that since his heart attack, he has had problems with increased anxiety, poor concentration and memory, confusion, and problems making decisions. (AR 38, citing Exhibit 3F (1AR 461-66).) Plaintiff's treating pulmonary specialist, Dr. Mi Ye Kim, who has treated Plaintiff at the Veterans' Administration ("VA") Medical Center, stated in a letter dated May 12, 2015, that Plaintiff "has cardiac condition and he has mild neurocognitive disorder secondary to anoxic encephalopathy," and "is disabled and unable to work at this time." (2AR 832; see also 1AR 36.)

The ALJ notes that a speech pathologist treated Plaintiff and as of "March 17, 2014 the claimant reported feeling better about his memory problems." (1AR 37, citing Exhibit 4F at 52 (2AR 518).) The ALJ also notes that from the time of his heart attack in August 2013 through February 2015, Plaintiff's heart condition improved, and a "[c]oronary angiography completed on February 12, 2015 found no significant coronary artery disease with a widely patent [sic] stent." (1AR 37, citing Exhibit 8F at 59 (2AR 665).)

Plaintiff's application for SSI benefits was apparently denied at the initial level, and denied at the reconsideration level, although findings were apparently modified at that level. (1AR 39.) An ALJ held a hearing on October 15, 2015. (1AR 31, 49-87.) Plaintiff was represented by counsel at that hearing, and a vocational expert ("VE") testified. (1AR 31.)

As discussed more fully below, on November 20, 2015, the ALJ issued an opinion denying Plaintiff's application for SSI benefits. (AR 1-43.)

### III.
### SUMMARY OF ADMINISTRATIVE DECISION

In his November 20, 2015, opinion, the ALJ found that Plaintiff has five "severe" impairments: (1) coronary artery disease; (2) arteriosclerosis status post stent placement; (3) anoxic encephalopathy; (4) depression; and (5) anxiety. (1AR 33, citing 20 C.F.R. § 416.920(c).) The ALJ also noted several impairments which

3

he found to be "non-severe," including hypertension, tinnitus, gastroesophageal reflux diseases, asthma, and dyspnea. (1AR 33.) The ALJ also noted that Plaintiff has been "awarded a disability rating of 10% from the Veterans Administration on account of tinnitus." (1AR at 33, citing Exhibit 8F at 56 (2AR 662).) Nevertheless, the ALJ found that tinnitus did not qualify as a "severe" impairment and noted, in particular, that "there is no indication in the record to show that tinnitus has caused any significant functional limitations." (1AR 33.)

At step three of the five-step sequential evaluation, the ALJ found that Plaintiff's impairments or combination of impairments did not meet or equal the severity of any "listed" impairment. (1AR 34, citing 20 C.F.R. §§ 416.920(d), 416.925, and 416.926.)

The ALJ found that Plaintiff had only mild restrictions in his activities of daily living, moderate restrictions in social functioning, and mild to moderate deficits in cognitive functioning. (1AR 34-35.)

The ALJ found that the opinion from Plaintiff's treating cardiologist, Dr. Kim, was "conclusory." (1AR 38.) The ALJ also discounted the tinnitus disability rating from the VA, noting that "[t]he record is generally devoid of evidence of a hearing impairment warranting the imposition of any restrictions." (1AR 39.) The ALJ concluded that Plaintiff's "multiple arrests and convictions" could account for Plaintiff's sporadic work history and his "criminal history further affects his overall credibility." (1AR 37.) Ultimately, the ALJ found Plaintiff's subjective complaints to be "only partially credible." (1AR 40.) In particular, the ALJ discounted evidence submitted by a "third party" who is apparently Plaintiff's girlfriend, because it was not consistent with the objective clinical evidence and the opinions from a number of examiners and consultants. (1AR 40, 66.)

The ALJ found that Plaintiff had the residual functional capacity ("RFC") to perform "less than the full range of medium work" with restrictions, no exposure to "unprotected heights, moving mechanical parts, dust, odors, fumes

and pulmonary irritants," an instruction that Plaintiff "must avoid concentrated exposure to extreme cold and heat," and a limitation to "simple work-related decisions"; but the ALJ opined that Plaintiff "can occasionally respond appropriately to the public." (1AR 35.) The ALJ also included "restrictions against exposure to extreme heat/cold and pulmonary irritants" to "avoid any exacerbation of the claimant's cardiovascular disease." (1AR 40.)

The ALJ concluded at step four of the five-step sequential evaluation that Plaintiff could not perform his "past relevant work." (AR 41, citing 20 C.F.R. § 416.965.)

Proceeding to step five, the ALJ noted that, since Plaintiff was born on July 23, 1959, at the time of the ALJ's decision on November 20, 2015, Plaintiff was 55 years old, and had changed "age category" and was now "an individual of advanced age." (1AR 41, citing 20 C.F.R. § 416.963.) Relying on the testimony from the VE at the hearing, the ALJ stated in his opinion that, given Plaintiff's RFC, age, education, and work experience, Plaintiff could still perform three other jobs that existed in significant numbers in the national economy: (1) "kitchen helper," which is listed in the Dictionary of Occupational Titles ("DOT") as no. 318.6878-010; (2) "farm worker," DOT no. 402.687-010; and (3) "dining room attendant," DOT no. 311.677-018. (1AR 41-42.)

Accordingly, the ALJ denied Plaintiff's application at step five, finding that that Plaintiff has not been under a disability since November 5, 2013, the date the application was filed. (1AR 42, citing 20 C.F.R. § 416.920(g).)

## IV.
## STANDARD OF REVIEW

Disability, for purposes of determining SSI eligibility, is defined as the inability to engage in any substantial gainful activity by reason of any medically determinable impairment or mental impairment or combination of impairments

5

that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than 12 months. See 42 U.S.C. § 423(d)(1)(A); Molina v. Astrue, 674 F.3d 1104, 1110 (9th Cir. 2012).

In assessing disability claims, the ALJ conducts a five-step sequential evaluation to determine at each step if the claimant is or is not disabled. See Molina, 674 F.3d at 1110 (citing, *inter alia,* 20 C.F.R. §§ 404.1520(a), 416.920(a)). First, the ALJ considers whether the claimant is currently working in substantial gainful activity. Id. If not, the ALJ proceeds to a second step to determine whether the claimant has a "severe" medically determinable physical or mental impairment or combination of impairments that has lasted for more than 12 months. Id. If so, the ALJ proceeds to a third step to determine whether the claimant's impairments render the claimant disabled because they "meet or equal" any one of the "listed impairments" set forth in the Social Security regulations at 20 C.F.R. Part 404, Subpart P, Appendix 1. See Rounds v. Comm'r Soc. Sec. Admin., 807 F.3d 996, 1001 (9th Cir. 2015).

If the claimant's impairments do not meet or equal a "listed impairment," before proceeding to the fourth step the ALJ assesses the claimant's "residual functional capacity," that is, what the claimant can do on a sustained basis despite the limitations from her impairments. 20 C.F.R. § 416.920(d), 416.945; Social Security Ruling ("SSR") 96-8p. After determining the claimant's RFC, the ALJ determines at the fourth step whether the claimant has the RFC to perform past relevant work, either as she actually performed it or as it is generally performed in the national economy. 20 C.F.R. § 416.920(f). If the claimant cannot perform her past relevant work, the ALJ proceeds to a fifth and final step to determine whether there is any other work, in light of the claimant's RFC, age, education, and work experience, that the claimant can perform and that exists in "significant numbers" in either the national or regional economies. 20 C.F.R. § 416.920(g); Tackett v. Apfel, 180 F.3d 1094, 1100-01 (9th Cir. 1999). If the claimant can do other work,

she is not disabled; but if the claimant cannot do other work and meets the duration requirement, the claimant is disabled. Id. at 1099.

The claimant generally bears the burden at each of steps one through four to show that she is disabled or that she meets the requirements to proceed to the next step, and the claimant bears the ultimate burden to show that she is disabled. See, e.g., Molina at 1110; Johnson v. Shalala, 60 F.3d 1428, 1432 (9th Cir. 1995). However, at step five, the ALJ has a "limited" burden of production to identify representative jobs that the claimant can perform and that exist in "significant" numbers in the economy. See 20 C.F.R. §§ 404.1560(c)(1)-(2), 416.960(c)(1)-(2); Hill v. Astrue, 698 F.3d 1153, 1161 (9th Cir. 2012); Tackett, 180 F.3d at 1100.

Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision denying benefits to determine whether it is free from legal error and supported by substantial evidence in the record as a whole. Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007). "Substantial evidence is 'more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Gutierrez v. Comm'r of Soc. Sec., 740 F.3d 519, 522-23 (9th Cir. 2014) (internal citations omitted).

Although courts will not substitute their discretion for the Commissioner's, courts nonetheless must review the record as a whole, "weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." Lingenfelter v. Astrue, 504 F.3d 1028, 1035 (9th Cir. 2007) (internal quotation marks and citation omitted).

"The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and for resolving ambiguities." Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995). "Even when the evidence is susceptible to more than one rational interpretation, we must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." Molina at 1110; see also Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005) (court will uphold

decision when evidence is susceptible to more than one rational interpretation). However, a court may review only the reasons stated by the ALJ in his decision "and may not affirm the ALJ on a ground upon which he did not rely." Orn, 495 F.3d at 630; see also Connett v. Barnhart, 340 F.3d 871, 874 (9th Cir. 2003).

Lastly, even when legal error is found, the reviewing court will still uphold the decision if the error was harmless, that is, where it is inconsequential to the ultimate nondisability determination, or where, despite the error, the Commissioner's path "may reasonably be discerned," even if the Commissioner explains her decision "with less than ideal clarity." Brown-Hunter v. Colvin, 806 F.3d 487, 492 (9th Cir. 2015) (citations and internal punctuation omitted).

## V.
## DISCUSSION

### A. Disputed Issue

Whether the ALJ's decision, based in part upon the opinion testimony from a VE who was asked to assume the existence of an RFC that was inconsistent with the RFC that was set forth by the ALJ in his opinion, is supported by substantial evidence.

#### 1. Arguments of the Parties

Plaintiff argues that because the ALJ's hypothetical to the VE misstated Plaintiff's RFC and asked the VE for an opinion that was not based on the RFC that the ALJ set forth in his opinion, the VE's testimony does not constitute the "substantial evidence" that is required to support the opinion. (Joint Stipulation at 4, citing, *inter alia,* Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1995).)

Defendant argues that the ALJ's opinion contains a "scrivener's error" in its description of Plaintiff's RFC. (Joint Stipulation at 13.) Defendant contends that the hypothetical RFC that the ALJ described to the VE is in fact the RFC that the ALJ intended to put in his opinion. (Id.) In particular, Defendant argues that "[i]t is clear from the record that the ALJ intended only to preclude Plaintiff from

8

*concentrated* exposure to dust, odors, fumes, and pulmonary irritants." (Joint Stipulation at 13; italics in original.) Defendant argues that "[a]ccordingly, the ALJ's hypothetical question to the VE did not omit any limitations with record support, and included all those restrictions the ALJ found were supported by substantial evidence." (Joint Stipulation at 16, citing Magallanes v. Bowen, 881 F.2d 747, 756-57 (9th Cir. 1989).)

In any event, Defendant argues, even if the ALJ's hypothetical to the VE was erroneous, the error was harmless because Plaintiff still would have been able to perform at least one of the jobs identified by the VE, that is, the job of kitchen helper, "even if the ALJ had precluded him from all exposure to dust, odors, fumes, and pulmonary irritants." (Joint Stipulation at 17-18, citing, *inter alia,* Lockwood v. Comm'r Soc. Sec., 616 F.3d 1068, 1071 (9th Cir. 2010).)

2.  Applicable Law

At step five, the Commissioner may carry her burden to show that there is other work that the claimant can perform, apart from any past relevant work, by obtaining testimony from a vocational expert about whether there are jobs in "significant" numbers in the national or regional economies that the claimant can perform in light of the claimant's age, education, work experience, and RFC. See Andrews, 53 F.3d at 1043; see also 20 C.F.R. § 416.966(e).

A vocational expert's recognized expertise provides the necessary foundation for his or her testimony, and no additional foundation is required before the ALJ may rely on the VE's un-questioned or un-rebutted testimony. See Bayliss v. Barnhart, 427 F.3d 1211, 1217-18 (9th Cir. 2005). The DOT is the Commissioner's primary source of reliable vocational information, and is usually the best source for how a job is "generally performed" in the national economy. See Pinto v. Massanari, 249 F.3d 840, 845-46 (9th Cir. 2001); Johnson v. Shalala, 60 F.3d 1428, 1434-35 and n.6 (9th Cir. 1995). "The DOT creates a rebuttable presumption as to the job classification. To deviate from the DOT classification,

an ALJ 'may rely on expert testimony which contradicts the DOT, but only insofar as the record contains persuasive evidence to support the deviation.'" Tommasetti v. Astrue, 533 F.3d 1035, 1042 (9th Cir. 2008) (quoting Johnson v. Shalala, 60 F.3d at 1435).

A hypothetical question from an ALJ to a VE about a claimant's ability to do other work must include all of the claimant's impairments that are supported by substantial evidence in the record. Osenbrock v. Apfel, 240 F.3d 1157, 1164-65 (9th Cir. 2001). Reliance on a hypothetical that fails to include all accepted limitations is insufficient to carry burden at step five of proving the ability to engage in alternative work. Osenbrock, 240 F.3d at 1164-65 (hypothetical question posed to VE must include all impairments supported by substantial evidence); Andrews, 53 F.3d at 1043 (reliance on hypothetical that fails to include all accepted limitations is insufficient to carry burden at step five of proving ability to engage in alternative work). See also Terrazas v. Astrue, 726 F. Supp. 2d 1139, 1148-49 (E.D. Cal. 2010) (where ALJ failed to include claimant's restriction on reaching in hypothetical to VE, VE's opinion that claimant could do other work has no evidentiary value (citing, *inter alia,* Andrews, 53 F.3d at 1044)).

Where the claimant properly challenges the VE's testimony, the ALJ must confirm that the VE's testimony qualifies as "substantial evidence." See, e.g., Farias v. Colvin, 519 F. App'x 439, 440 (9th Cir. 2012) (reasoning mind need not accept obvious errors in VE's testimony that leads to implausible results). However, even where the ALJ gave the VE an erroneous hypothetical, the error may be considered harmless where it is "inconsequential to the ultimate disability determination." Stout v. Comm'r, Soc. Sec. Admin., 454 F.3d 1050, 1055 (9th Cir. 2006) (ALJ's failure to include accurate RFC determination in hypothetical to VE was prejudicial to claimant and not harmless, remanding for further proceedings).

### 3. Further Background from the Hearing and the ALJ's Opinion

The ALJ's opinion described Plaintiff's RFC, in pertinent part, as follows:

> [T]he claimant has the residual functional capacity to perform less than the full range of medium work . . . but [he] *can never be exposed* to unprotected heights, moving mechanical parts, dust, odors, fumes and pulmonary irritants; *he must avoid concentrated exposure to extreme cold and heat*; he can perform simple, routine tasks; is limited to simple work-related decisions; and can occasionally respond appropriately to the public.

(1AR 35; italics and bracketed material added.)

At the hearing, the ALJ presented the following hypothetical to the VE, which the Court quotes in pertinent part:

> [A]ssume a hypothetical individual of the claimant's age and education and with the past jobs that you described. Further, if you would, assume that this individual is limited as follows: you're going to start at less than the full range of medium [sic], . . . [and] there are some environmental limitations, *can never be exposed* to unprotected heights or moving mechanical parts *and must avoid concentrated exposure to dust, odors, fumes and pulmonary irritants; extreme cold and extreme heat*; and then we have mental limitations of being able to perform simple and routine tasks and make simple work-related decisions.

(1AR 82-83; italics, bracketed material, and ellipses added.)

In response to that hypothetical, the VE opined that Plaintiff could not perform any of the jobs that the VE had identified as Plaintiff's past relevant work. (1AR 83.)

However, the VE testified that given that hypothetical, Plaintiff could perform three other jobs that the VE said existed in significant numbers in the

11

economy, and all of which the VE identified as "medium" work: (1) kitchen helper, DOT no. 318.687-0-10; "farm worker," DOT no. 402.687-010; and (3) "dining room attendant," DOT no. 311.677-018. (1AR 83.)

The ALJ then gave the VE a second hypothetical, where he instructed the VE to "ratchet the mental limitations down slightly by adding can only occasional[ly] respond appropriate to the . . . general public." (1AR 84.) The VE testified that Plaintiff could still do the three other medium jobs that she had identified in response to the first hypothetical. (Id.)

The ALJ then gave the VE a third hypothetical, including the limitations of the second hypothetical "but . . . ratcheting it down this time to less that the full range of light [work]." (1AR 84.) The VE testified that Plaintiff could still do three more jobs, which the VE identified as "light" work: (1) "hand packager," DOT no. 559.687-074; (2) "office helper," DOT no. 239.567-010; and (3) "mail clerk," DOT no. 209.687-026. (1AR 84.)

The ALJ then gave the VE a fourth and last hypothetical, "building on the [first] three" and "carrying over all of our limitations, but knocking it down . . . to the less than full range of sedentary [work]." (1AR 85.) The VE opined that Plaintiff could still do three sedentary jobs: (1) "assembler," DOT no. 713.687-026; (2) "document preparer," OT no. 249.587-018; and "ticket counter," DOT no. 219.587-010. (1AR 895-86.)

Given this testimony, the ALJ found that Plaintiff could do the three medium-level jobs identified by the VE in response to the first hypothetical: kitchen helper, DOT no. 318.687-0-10; "farm worker," DOT no. 402.687-010; and (3) "dining room attendant," DOT no. 311.677-018. (1AR 42.)

4.  Analysis

The ALJ in his opinion posited an RFC for Plaintiff that stated, *inter alia,* that Plaintiff "can *never* be exposed to . . . dust, odors, fumes and pulmonary irritants [and] extreme cold and extreme heat." (1AR 35; italic added.) However,

12

the ALJ described a less-restrictive RFC to the VE when he posited a hypothetical question based on an RFC that directed only that Plaintiff "must *avoid concentrated exposure* to dust, odors, fumes and pulmonary irritants [and] extreme cold and extreme heat." (1AR 82-83.) Since the ALJ's hypothetical to the VE was less restrictive than the RFC that the ALJ ultimately set forth in his opinion, the VE's testimony does not directly support the conclusion reached by the ALJ. Substantial evidence is therefore lacking to on the issues including whether Plaintiff could perform the other three jobs that were identified by the VE if Plaintiff was restricted to *never* being exposed to dust, odors, fumes, pulmonary irritants, and extreme cold and extreme heat, and whether, taking into account Plaintiff's age, education, work experience and accurate RFC, such jobs exist in "significant" numbers in the national economy. On the record before the Court, the questions as phrased to the VE do not support the findings based upon the RFC actually specified by the ALJ.

      Defendant argues that the ALJ made a "scrivener's error" when he stated in his opinion that Plaintiff has an RFC that categorically precludes exposure to dust, odors, fumes, pulmonary irritants, and extreme cold and extreme heat. (Joint Stipulation at 12-20.) Defendant asks the Court to disregard the language actually used by the ALJ and instead find that the ALJ actually meant to posit in his opinion the less-restrictive hypothetical RFC that the ALJ gave to the VE at the hearing because that is the only RFC that is actually supported by substantial evidence in the record. The Court does not find there are sufficient grounds to disregard the actual findings of the ALJ.

      The interpretation of the plain language of the RFC as written is supported by the fact that in the very next limitation in the RFC, relating to exposure to "extreme cold and heat," is limited to "concentrated exposure." (1AR 35.) The fact that the RFC treats the two sets of limitations differently -- one (temperature) restricting only "concentrated exposure" and the other (dust, odors, fumes and

pulmonary irritants) restricting all exposure -- supports the interpretation that the disparate treatment was intentional, and not a result of scrivener's error.

Having declined to interpret the RFC in a manner contrary to its plain language, the Court will only review the reasons stated by the ALJ in his decision, and may not affirm the ALJ on a ground upon which the ALJ did not rely. See Orn, 495 F.3d at 630; see also Connett, 340 F.3d at 874. The Court finds that the ALJ's conclusions at step five are not supported by substantial evidence.

Furthermore, the Court finds that the error is not harmless. Although the ALJ gave the VE other hypotheticals, with more restrictions that resulted in the VE finding other medium, light, and sedentary jobs that Plaintiff could perform, those hypotheticals only "ratcheted down" mental limitations and Plaintiff's ability to interact with the public, and none of those other hypotheticals posited the more-restrictive RFC precluding exposure to dust, odors, fumes, pulmonary irritants, and extreme cold and extreme heat that the ALJ set forth in his opinion. (1AR 84-85.) Without the testimony of the VE based upon the erroneously worded hypothetical RFC, it cannot be said that the VE's opinion would not have been different. Accordingly, the error was not harmless. See, e.g., Robbins v. Soc. Sec. Admin., 466 F.3d 880, 886 (9th Cir. 2006) (omission of limitation in hypothetical to vocational expert is not harmless if the omitted limitation would have been determinative (citing Osenbrock, 240 F.3d at 1163-65); see also Grim v. Colvin, 128 F. Supp. 3d 1220, 1231–32 (D. Ariz. 2015) (where ALJ omitted limitation in hypothetical to vocational expert, error was not harmless where it would have changed vocational expert's testimony).

**B.** **Remand for Further Proceedings Is Warranted**

A district court may reverse the decision of the Commissioner with or without remanding the case. See Dominguez v. Colvin, 808 F.3d 403, 407 (9th Cir. 2015), as amended (Feb. 5, 2016) (citing Treichler v. Comm'r of Soc. Sec. Admin., 775 F.3d 1090, 1099 (9th Cir.2014). However, if the reviewing Court has

14

reviewed the whole record and determined that it is not fully developed or free from conflicts and ambiguities, the proper course is to remand the case for additional investigation or explanation. Dominguez, at 407.

In light of the foregoing, remand is appropriate for further consideration and explanation from the ALJ on the issues discussed above.

## VI.
## CONCLUSION

For the reasons stated above, IT IS ORDERED that the decision of the Commissioner is REVERSED, and this case is REMANDED for further proceedings consistent with this Memorandum Opinion and Order.

IT IS FURTHER ORDERED that the Clerk of the Court shall serve copies of this Memorandum Opinion and Order and the Judgment on counsel for plaintiff and for defendant.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATE: May 17, 2017

_____
HONORABLE JOHN D. EARLY
UNITED STATES MAGISTRATE JUDGE